No. 761

SMITH et v. McCAIN REALTY CO.

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 767. Decided Aug. 8, 1927.

681. JURISDICTION — 798. Municipal Court—Where amount prayed for exceeds jurisdictional limit, but question is not raised by adversary, and Municipal Court, in rendering judgment, does not exceed jurisdictional amount, judgment not void for want of jurisdiction.

Error to Municipal Court.
Reversed by Common Pleas.
Error to Common Pleas.
Judgment modified and affirmed.

Davisson, Davisson & Sheridan, Dayton, for Smith et.

Allaman, Funkhouser & Murr, Dayton, for McCain Realty Co.

BY THE COURT.

This case originated in the Municipal Court. The McCain Realty Co. brought suit against Charles F. Smith and Son to recover the value of certain sewer title alleged to have been appropriated by defendant. The claim, in the Municipal Court, was for 1233 sewer tile of the value of $554.85, which was alleged to have been appropriated on March 1, 1923. The plaintiff prayed for judgment for $500 with interest at six per cent from March 1, 1923.

The defendant admitted that it appropriated 100 sewer tile of the value of $49.50, for which amount, with interest and costs, the defendant offered to confess judgment. The case was tried in the Municipal Court, resulting in a verdict and judgment in favor of the defendant as confessed in their answer, to-wit, for the sum of $58.15. On error, the Court of Common Pleas reversed the judgment on the ground that the Municipal Court had no jurisdiction. The defendant, Charles F. Smith and Son, prosecute error in the Court of Appeals.

The first question is one of jurisdiction.

It is true that the amount which the plaintiff in the Municipal Court sought to recover exceeded the jurisdiction of the Municipal Court to the extent of interest claimed prior to the beginning of the suit. Nevertheless no objections were made in the trial court and issue was joined, by the answer, upon the amount due and the trial court did not assume, in the rendition of its judgment, to go beyond the limits of its jurisdiction. Under these circumstances, we are of the opinion that the proceedings, in the Municipal Court, were not absolutely void for want of jurisdiction. The Municipal Court had jurisdiction up to the amount of $500 and interest from the beginning of the action and said Municipal Court kept within the limits of its jurisdiction in the rendition of its judgment. The case is unlike a case where there is an utter want of jurisdiction as, for instance, where a Municipal Court undertakes to exercise jurisdiction in a divorce case or a specific performance case.

We are, therefore, of the opinion that the Court of Common Pleas erred in holding that the judgment of the Municipal Court was void or erroneous for want of jurisdiction.

The remaining question is whether the Court of Common Pleas was in error in remanding the case for a new trial in the Municipal Court.

There is an opinion of the Judge of the Municipal Court on file to the effect that there was no evidence tending to show the market price of the tile. In this, we are of the opinion that the Judge of the Municipal Court was in error.

We reach the conclusion that the judgment of the Municipal Court was properly reversed in the Court of Common Pleas on the ground that the judgment was contrary to the manifest weight of the evidence.

We therefore reach the conclusion that, so much for the judgment of the Court of Common Pleas, as held that the judgment of the Municipal Court was void or erroneous for want of jurisdiction should be eliminated from the entry, and that, in other respects, the judgment of the Court of Common Pleas should be affirmed and the cause remanded to the Municipal Court for a new trial.

(Ferneding, Kunkle and Allread, JJ., concur.)